# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALEXANDER V., | ) Case No. EDCV 19-1473-SB (JPR) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record, and all other records on file as well as the Report and Recommendation of U.S. Magistrate Judge. On May 13, 2021, Plaintiff filed Objections to the R. & R., in which he mostly simply repeats arguments from the Joint Stipulation. A few of his contentions warrant discussion, however.

Plaintiff reiterates that the ALJ allegedly erred in assessing his subjective symptoms. As the Magistrate Judge found, however, the ALJ correctly discounted his subjective symptom statements as inconsistent with the objective medical evidence. (R. & R. at 12-13.) He does not challenge that

finding.

And the ALJ properly discounted the statements for the additional reason that they were inconsistent with evidence demonstrating that Plaintiff's symptoms were relatively controlled with his treatment and medication, as the Magistrate Judge noted. (R. & R. at 13-14.) Plaintiff argues that there was "no language specifically regarding 'effective treatment'" in the ALJ's decision except in reference to "migraine headaches being controlled by emergency medications." (Objs. at 3.) But the ALJ also noted that his pain from his hypermobility syndrome and mild degenerative disc disease was "manag[ed]" "primarily with non-steroidal anti-inflammatory drugs and physical therapy" (AR 28) and cited to treatment notes (id.) indicating the treatment was effective (see AR 435 (Plaintiff reporting no pain and 80 percent improvement in low-back pain since last visit), 436 (noting that back pain was "made better" by medications)).

The Magistrate Judge also noted that Plaintiff worked part time for about two years and stopped working "not because he could no longer perform the work but because he moved away from the area." (R. & R. at 15 (citing AR 182).) Plaintiff argues that this was "not an accurate depiction" of his testimony and was not cited in the ALJ's decision. (Objs. at 3.) Plaintiff correctly notes that he testified that he could not resume work after leaving Merced because of an "exacerbation of symptoms." (Id. (citing AR 182).) But he testified that he stopped working because he moved, not because of any of his impairments. (AR 182.) The Magistrate Judge accurately depicted the record. In any event, her discussion of Plaintiff's part-time work was in

the context of her assessment of the ALJ's reliance on his daily activities to discount his testimony. (R. & R. at 15.) But she rejected that reasoning and instead recommended affirming based on the ALJ's findings that his complaints were inconsistent with his effective treatment and with the objective evidence. (R. & R. at 16.) She did not err.

Plaintiff also repeats his arguments that the ALJ erred in evaluating the medical-opinion evidence. First, he claims that the ALJ "only provided one reason to discredit" Dr. Fraley's opinions — that his letter was drafted by Plaintiff. (Objs. at 3.) To start, as the Magistrate Judge explained (R. & R. at 25), most of the opinions expressed in Dr. Fraley's letter were not his opinions at all; they were Plaintiff's own opinions of his limitations. And the ALJ did not discount them solely because Plaintiff wrote the letter. The Magistrate Judge correctly noted that the ALJ also found the opined limitations "rather extreme" and "not supported by the medical evidence of record or by Dr. Fraley's own treatment" of Plaintiff. (Id. (citing AR 30).) Plaintiff states that Dr. Fraley's records indicate that Plaintiff reported "very disturbed sleep patterns," "abdominal discomfort," migraines that "were not at a goal level," fatigue, "generalized anxiety disorder," and "increased range of joint movement." (Objs. at 4 (citing AR 557-58, 562-63).) But as previously discussed, the ALJ properly discounted Plaintiff's subjective symptom statements. Moreover, half of the records on which Plaintiff relies are not from Dr. Fraley at all. (See AR 557-58 (records of Dr. Talha Memon noting that other than "symptoms of hypersomnolence," diagnosis of which was "not

conclusive," all exam results were normal).)  Finally, the limitations in Dr. Fraley's letter are for the most part unrelated to the sleep and other symptoms on which Plaintiff relies.

Plaintiff also complains, again, that remand is warranted because the ALJ did not specifically address all the factors in 20 C.F.R. § 404.1527 in assessing the various doctors' opinions. (Objs. at 3-4.)  But as the Magistrate Judge noted (see R. & R. at 26 (citing AR 30)), she was not required to do so.

The Magistrate Judge also correctly found that the ALJ did not err in giving little weight to Dr. Belen's opinion that Plaintiff had moderate limitations in social functioning.  (R. & R. at 24-25; see AR 29.)  He argues that Dr. Belen's opinion was properly based on taking his history; observing his mood to be anxious, depressed, and irritable; and diagnosing him with a mood disorder.  (Objs. at 4.)  But the opinion did not state that it was based on any of those things or explain its inconsistency with the otherwise mostly normal findings.  (AR 522.)  And the ALJ did not "solely substitute[] her own non-medical judgment" for Dr. Belen's opinion, as Plaintiff argues (Objs. at 4); she relied on psychologist Paula Kresser's contrary opinion, which she partially credited (R. & R. at 24 (citing AR 29)).

Plaintiff also reiterates his argument that remand is warranted because the ALJ did not consider a 2006 letter written by Dr. Spencer opining that he needed certain accommodations at school or the impact of his childhood limitations in accordance with SSR 11-2p.  (Objs. at 5-6.)  To start, the SSR 11-2p issue was likely forfeited because Plaintiff — who was represented by

4

counsel before the ALJ and the Appeals Council — never raised it at the administrative level, as the Magistrate Judge noted. (R. & R. at 27-28 (citing AR 172-208 (hearing transcript), 337-39 (Request for Review of Hearing Decision)); see Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2018) (as amended). Plaintiff states that the issue "was argued" (Objs. at 5), but he has provided no citation or other support for this assertion. He seems to contend that when an ALJ errs the issue can't be forfeited (see id. at 5-6), but if forfeiture applied only when there was no error, the principle would be meaningless.

In any event, the ALJ considered more recent medical records of treatment for the same conditions and Plaintiff's hearing testimony about his symptoms and accommodation needs now and while in school, as the Magistrate Judge noted. (R. & R. at 27-29 (citing AR 180, 187).) She correctly found that the additional evidence submitted to the Appeals Council was no more probative than the evidence the ALJ had already considered and that Plaintiff's school-attendance problems and the accommodations described in Dr. Spencer's letter were not the type of "serious educational difficulties" contemplated by SSR 11-2p. See James S.C. v. Saul, No. CV 19-5991-KS, 2020 WL 3491565, at *9 (C.D. Cal. June 25, 2020) (noting that SSR 11-2p did not apply because accommodations plaintiff received for "miss[ing] a lot of school" based on "health issues" were not for "serious educational difficulties"). Plaintiff argues that James S.C. is distinguishable on various grounds (Objs. at 6), but the differences between the two cases did not transform Plaintiff's school-attendance problems and the accommodations described in

5

Dr. Spencer's letter into the type of serious educational difficulties contemplated by SSR 11-2p.  There was no error.

Finally, the Magistrate Judge correctly found that Plaintiff forfeited his claim that the ALJ's finding that he could perform certain jobs conflicted with the DOT descriptions of those jobs. Citing Sims v. Apfel, 530 U.S. 103 (2000), he argues that "[t]here is no forfeiture of the right to raise conflicts with the DOT."  (Objs. at 6.)  But Sims specifically noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us."  530 U.S. at 107.  Here, Plaintiff did not present his argument concerning an alleged conflict between the RFC's noise limitation and the DOT job descriptions to the ALJ or the Appeals Council.  Therefore, Sims does not control.  See Shaibi, 883 F.3d at 1109 (distinguishing Sims on that basis).  In any event, as the Magistrate Judge explained, there was no apparent conflict with the DOT, and the ALJ was not required to inquire further.  (R. & R. at 33.)

Having reviewed de novo those portions of the R. & R. to which Plaintiff objects, the Court accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice.

DATED:  _____June 15, 2021_____          _____

                                         HON. STANLEY BLUMENFELD, JR.
                                         U.S. DISTRICT JUDGE